UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
THEREZA TAYLOR GERACI, WIFE OF / AND           CIVIL ACTION
EMANUEL GERACI

VERSUS                                         NO. 04-3041

RYAN'S FAMILY STEAK HOUSES, EAST, INC.
AND FIRE MOUNTAIN RESTAURANTS, INC.            SECTION "F"
```

ORDER AND REASONS

Before the Court is Fire Mountain Restaurant, Inc.'s Motion for Summary Judgment.  For the reasons that follow, the defendant's motion is DENIED.

Background

While dining at Ryan's Steak House on June 25, 2004, plaintiff, Thereza Taylor Geraci, went into the ladies' restroom to change her daughter's diaper.  The bathroom was equipped with a "pull-down" baby changing station located inside one of the stalls in the bathroom.

When she entered, plaintiff saw that the floor was covered with water.  She proceeded into the bathroom and entered the stall. While she was pulling down on the baby changing station, plaintiff slipped in the water, injuring her ankle and knee.

The plaintiff's suit raises negligence claims against the defendant.  Plaintiff asks for damages for all medical expenses, anguish, pain and suffering, and loss of enjoyment of life.  Her

1

husband, Emanuel Geraci, also asks for damages for the loss of his wife's love and affection.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he

must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Application

### A.

The parties disagree over whether this negligence action should be governed by article 2315, article 2317.1, or Louisiana's slip and fall statute. LSA-R.S. 9:2800.6. The Court holds the slip and fall statute and article 2317.1, two similar provisions governing premises liability in Louisiana, apply. See Jones v. Bank One, No. 03-0925, 2004 WL 439894, at *1 (E.D. La. Mar. 8, 2004) (article 2317.1 and the slip and fall statute govern premises liability cases in Louisiana).

Under the plain language of the slip and fall statute, the statute applies to all "negligence claim[s] brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on the merchant's premises." LSA-R.S.9:2800.6. See Page v. EZ Serve Corp., 10 F. Supp. 2d 614, 614 (E.D. La. 1998) (when plaintiff slips on water in

store, slip and fall statute governs); see also Crooks v. Nat'l. Union Fire Ins. Co., 92-1053 (La. App. 3 Cir. 7/13/93); 620 So. 2d 421, 424 (slip and fall statute applies to cases where spilled liquid caused the hazard). Further, article 2317.1 provides the negligence standard for damages caused by defects in things: "the owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect."[1] Thus, Louisiana courts have applied article 2317.1 to slip and fall cases where the hazard was created by a defective thing in possession of the defendant.[2] See, e.g., Nelson v. La. Stadium and Exposit. Dist., FMG, Inc., 2001-1763 (La. App. 4 Cir. 11/13/02); 823 So. 2d 1043, 1046.

The two premises liability statutes are not always the exclusive remedies for one injured on a merchant's premises. Article 2315 also governs, if the "accident is allegedly the result of a specific act on the part of the merchant, and not solely the result of a condition found on the premises." Riolo v. Nat'l. Tea Co., 98-872 (La. App. 5 Cir. 1/ 26/99); 726 So. 2d 515, 518.

---

[1] There is limited case law stating that the slip and fall statute applies to cases where the dangerous condition is "on the premises," whereas article 2317.1 applies to cases where the dangerous condition is "in the premises." See Birdsong v. Hirsch Mem'l. Coliseum, 39-101 (La. App. 2 Cir. 12/15/04); 889 So. 2d 1232, 1235. This distinction has rarely been utilized by courts, and the plain language of the slip and fall statute explicitly states that the statute applies to a condition existing **either** "in" or "on" the premises.

[2] Section D of the slip and fall statute explicitly provides: "Nothing herein shall affect any liability which a merchant may have under Civil Code Arts...2317."

The present case involves the condition of the defendant's premises: water covering the bathroom floor; it does not involve any particular act on the part of the merchant. Therefore, the case falls within Louisiana's premises liability laws.

B.

Applying the standards set forth in the slip and fall statute, as well as article 2317.1, genuine issues of material fact become obvious. Thus, the defendant's motion for summary judgment must be denied.

Under either the slip and fall statute or article 2317.1, the plaintiff has the burden of proof. See Jones, 2004 WL 439894, at *2. In order to maintain a claim under either the statute or article 2317.1, she must show that the condition of the bathroom presented an unreasonable risk of harm that would be reasonably expected to cause injury to a prudent person[3] using ordinary care under the circumstances. Id.

Whether this case, on the merits, is strong or weak, the determination of whether a condition qualifies as an unreasonable risk is a fact intensive inquiry. Id. at *3. The Louisiana Supreme Court has stated that relevant factors in making this determination include: "(1) the claims and interests of the

---

[3] One might reasonably expect plaintiff's prudence to be of active interest at a trial on the merits, but that is not an issue here.

parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the burden of adequate precautions; (5) individual and societal rights and obligations; and (6) the social utility involved."  Dupree v. City of New Orleans, 99-3651 (La. 8/31/00), 765 So. 2d 1002, 1012.  Other courts have also considered the obviousness or apparentness of the risk as a relevant factor. See e.g., Nelson v. La. Stadium and Exposit. Dist., 2001-1764 (La. App. 4 Cir. 11/13/02); 832 So. 2d 1043, 1047 (obviousness or apparentness of risk is factor used in reasonableness determination).

This record does not support a request for summary relief because it reflects evidence sufficient to survive summary judgment.  Plaintiff has testified that there were sheets of water covering the bathroom floor, and the water, combined with pulling on the diaper changing station, was the reason for her accident. In a factually analogous case, the Third Circuit of Louisiana held that water covering a bathroom floor "unquestionably" qualified as an unreasonable risk.   Breaux v. Wal-Mart Stores, Inc., 93-1035 (La. App. 3 Cir. 4/6/94); 635 So. 2d 667, 669.  See also, Carter v. Brookshire Grocery Co., 29166 (La. App. 2 Cir. 2/26/97); 690 So. 2d 933, 937 (under the slip and fall statute, wet floor in grocery store created an unreasonable risk of harm that was reasonably foreseeable); Boutte v. Winn-Dixie La., Inc., 95-1123 (La. App. 3 Cir. 4/17/96); 674 So. 2d 299, 302 ("In the context of slip and

fall cases, a hazard is shown to exist when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition").

Though the defendant argues that a risk is inherently not an unreasonable risk if it is apparent, the unreasonableness of a risk remains a factual determination to be made in consideration of all of the circumstances. One factor alone is not dispositive of the reasonableness of the risk. See Latter v. Sears Roebuck and Co., No. 03-1167, 2004 WL 242479, at *4 (E.D. La. 2/5/2004) ("the open and obvious nature of the harm is merely another factor to be weighed in the risk-utility balance); Breaux, 635 So. 2d at 669 (water covering bathroom floor "unquestionably" qualified as an unreasonable risk, even though plaintiff had knowledge of the water on the floor prior to her fall); Carter, 690 So. 2d at 937 (wet floor in grocery store created an unreasonable risk, even assuming that plaintiff noticed a wet floor sign in the area).

The defendant invokes many cases in support of the contention that the water on the floor did not present an unreasonable risk. However, most of these cases are not factually analogous to the present situation.

Perhaps the most compelling case for the defendant is Jennings v. Ryan's Family Steak Houses, East, Inc., in which the court granted the plaintiff's motion for summary judgment under the slip and fall statute. No. 03-1598, 2005 WL 2180487 (W.D. La. Sept. 9,

2005).  In <u>Jennings</u>, the plaintiff knowingly walked through water in the restaurant; orange signs surrounded the water; alternative routes existed; and the plaintiff did not fall until **after** she exited the restaurant and the water.  <u>Id.</u> at *1.  The court held that the water in the foyer of the restaurant did not present an unreasonable risk to this plaintiff because the harm was open and obvious.  <u>Id.</u> at *3.  In contrast to the plaintiff in <u>Jennings</u>, the plaintiff in the present case slipped while in the water, not after she had left the premises.  Furthermore, there is no testimony that there were alternative routes available to Ms. Geraci.  Additionally, the obviousness of any warning signs is disputed, as the signs were purportedly located in the hallway preceding the bathroom.  Finally, there is testimony that employees had received multiple complaints about the condition of the bathroom, but had done nothing to remedy the situation.  Too many obvious material fact issues remain.

Because the plaintiff has presented sufficient evidence to survive summary judgment, Fire Mountain Restaurant's summary judgment motion is DENIED.

New Orleans, Louisiana, November 10, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

8